UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL E. STOCKWELL,

    Plaintiff,

v.     CASE NO. 8:15-cv-951-T-23TBM

ANTWAN NELSON, et al.,

    Defendants.
_____/

## **ORDER**

Rachel E. Stockwell sues (Doc. 1) Officer Antwan Nelson under 42 U.S.C. § 1983 for the use of excessive force (Count I) and under Florida law for battery (Count II).* Nelson moves (Doc. 23) to dismiss both counts.

**1. Excessive Use of Force**

Count I alleges that Nelson, "acting in his capacity as a police officer and under the color of law, gratuitously applied excessive force on [Stockwell]" "in violation of the Fourth Amendment." (Doc. 1 ¶¶ 28, 29) "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental

---

    * Also, Stockwell sues the City of Tampa under a theory of vicarious liability for battery (Count III). An order (Doc. 17) dismisses Stockwell's negligent retention claim (Count IV).

interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citations and internal quotation marks omitted). As Stockwell correctly states, the "factors to be considered in assessing the lawfulness of the amount of force used by police officers" include "'[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight.'" (Doc. 24 at 3 (quoting *Graham*, 490 U.S. at 396))

For the purpose of resolving the motion (Doc. 23) to dismiss, the allegations of the complaint are accepted as true (even if a disinterested observer might entertain a reasonable doubt as to the allegations' plausibility). According to the complaint, on February 14, 2014, "[a]fter being escorted from an establishment," "one of [Stockwell's] friends became involved in an incident with several police officers." (Doc. 1 ¶¶ 13, 14) "While the officers were investigating [Stockwell's] friend," Nelson "unexpectedly picked [Stockwell] up and subsequently slammed her onto the hood of a moving vehicle in the middle of the street." (Doc. 1 ¶¶ 14, 16) "Within seconds," Nelson "violently slammed [Stockwell] to the ground head first" leaving "[a] pool of blood," which "can clearly be seen in the video of this incident." (Doc. 1 ¶ 17)

At the time of the incident, Stockwell "had not committed a serious felony." (Doc. 1 ¶ 19) Stockwell was "charged with Obstructing or Opposing an Officer without Violence," but "the charges were dismissed." (Doc. 1 ¶ 20) Also, the

complaint alleges that Stockwell "posed no threat to any of the Officers who were present or any individual in the vicinity" and that Stockwell "was not in possession of any type of weapon or illegal contraband." (Doc. 1 ¶ 19) Finally, the complaint alleges that Stockwell "was not resisting at any time, and was subdued, if not concussed." (Doc. 1 ¶ 18) Accordingly, consistent with *Graham*, the complaint states a claim for the use of excessive force. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008) ("Our cases hold that gratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force.").

**2. Battery**

Count II alleges that "the actions of [Nelson]," who "acted outside the scope and course of his employment," "constitute a non-consensual touch or strike battery causing personal injury to [Stockwell] in violation of Florida Law." (Doc. 1 ¶¶ 31, 34) Under Section 784.03(1)(a), Florida Statutes, "the offense of a battery occurs when a person: (1) [a]ctually and intentionally touches or strikes another person against the will of the other[] or (2) [i]ntentionally causes bodily harm to another person." According to the complaint, Nelson "slammed [Stockwell] onto the hood of a moving vehicle" and then "violently slammed her to the ground head first" causing "severe and permanent injuries." (Doc. 1 ¶¶ 16, 17, 36) Thus, the complaint states a claim for battery.

However, Nelson denies liability by citing Section 768.28(9)(a), Florida Statutes, which states:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Nelson argues that Count II's allegations both that Nelson "acted outside the course and scope of his employment" and that Nelson acted "in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property" are "mere conclusion[s], unsupported by any allegation of ultimate fact." (Doc. 23 at 5)  A review of the complaint confirms that Nelson "acted under the color of the law and by virtue of [his] authority as [a] law enforcement officer[] for the City of Tampa." (Doc. 1 ¶ 12)  The complaint fails to allege any fact demonstrating that Nelson acted outside the course and scope of his employment.  However, as Stockwell correctly argues, the complaint states "sufficient facts in which a reasonable jury could find that [Nelson's] actions were committed with bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."  (Doc. 24 at 5)

## CONCLUSION

Nelson's motion (Doc. 23) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on February 8, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE